UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| PLATTE RIVER INSURANCE COMPANY, )<br>)<br>) Plaintiff, )<br>)<br>V. )<br>)<br>H. BLAINE MARTIN, MARIA JAYNE-<br>MARTIN, and MARCIA B. SMITH, )<br>)<br>Defendants. ) | Civil Action No. 6: 07-32-DCR<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of Plaintiff Platte River Insurance Company's ("PRIC") motion for summary judgment as to Defendants H. Blaine Martin, Maria Jayne-Martin, and Marcia B. Smith. [Record No. 31] More specifically, the Plaintiff claims that there are no genuine issues of material fact with respect to Counts I, II, III, IV, V, and VI of its Complaint and that it is entitled to judgment as a matter of law.

The Defendants have failed to respond to the motion within the time permitted by the local rules, and the matter stands submitted at this time. Accordingly, because the Court finds that PRIC has met its burden of production and because the Defendants have failed to respond in any manner, the Court will grant the relief sought by PRIC. However, the judgment will not affect PRIC's claims against Defendant Valley Oil Group, LLC, as the action has been stayed with respect to this Defendant.

-1-

**I.     Background**

The Plaintiff initially filed this action on January 26, 2007, alleging claims for breach of contract, exoneration, *quia timet*, specific performance, and reimbursement in connection with the Defendants' alleged breach of an indemnity agreement dated April 4, 2006. According to PRIC, Defendant Valley Oil Group, LLC ("Valley Oil") entered into a supply agreement with KPS Sales, Inc. ("KPS") in March, 2006, for the purchase of gasoline, diesel fuels, signage, and equipment, amount other things.  Valley Oil then applied to PRIC for a financial guarantee bond in favor of KPS in the amount of $150,000.00.

On April 4, 2006, PRIC issued the bond and entered into a General Indemnity Agreement (the "Agreement") with Defendants Maria Jayne-Martin, Marsha B. Smith, and  H. Blane Martin, individually and as owner of Valley Oil.  In pertinent part, the Agreement provides that the Defendants agree to hold PRIC harmless and to reimburse PRIC for any loss in connection with the bond in favor of KPS.  On April 28, 2006, a rider was issued raising the penal sum of the bond to $250,000.00.

On August 28, 2006, PRIC received notice that Valley Oil had failed to pay  KPS for products purchased in the amount of $280,283.08.  KPS initiated a lawsuit to recover the sums from PRIC on November 13, 2006, in Clark Circuit Court, and PRIC ultimately settled with KPS for the full amount of the bond, $250,000.00.  Pursuant to the Agreement, PRIC claims that it is entitled to recover the full amount of the settlement from the Defendants, plus costs and attorney fees.

**II.     Analysis**

In considering a party's motion for summary judgment, it is well-established that summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "Although the moving party has the burden of showing conclusively that no genuine issue of material fact exists, all facts and inferences must be viewed in a light most favorable to the nonmoving party. *Keeneland Ass'n, Inc. v. Earnes*, 830 F. Supp. 974, 983 (E.D.Ky. 1993).

However, once a moving party has met its burden of production, "'its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Keeneland Ass'n, Inc.*, 830 F. Supp. at 984 (E.D.Ky. 1993) (*citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)). The nonmoving party cannot rely upon the assertions in its pleadings; rather that party must come forward with probative evidence, such as sworn affidavits to support its claims. *Celotex*, 477 U.S. at 324 ("Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'").

Here, PRIC convincingly argues that it is entitled to judgment as a matter of law against the listed Defendants. More specifically, PRIC has provided evidence that it entered into a contract of indemnity with the Defendants, that it received claims in connection with the

Agreement, and that it incurred a loss as a result of those claims. Accordingly, PRIC contends that it is entitled to specific performance of the Agreement, including payment to PRIC of the sums paid on Valley Oil's behalf, plus costs and fees incurred as a result of this litigation.

The Defendants have failed to respond to PRIC's motion for summary judgment in any manner. Apparently, as the Plaintiff contends, "[t]he Defendants are unable to dispute the clear language of the Agreements and unable to dispute the fact that claims have been made against the Plaintiff as result of the bond issued on behalf of Valley Oil, nor that the Plaintiff paid the claim." [Record No. 31, p.10]

As previously noted, once a moving party has met its burden of production with respect to a motion for summary judgment, the nonmoving party must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324. To satisfy this standard and survive the motion, the nonmoving party must come forward with enough "evidence on which the jury could reasonably find for the non-movant." *Summar v. Bennett*, 157 F.3d 1054, 1057 (6th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).

In the present case, the Defendants have completely failed to respond to Plaintiff's motion and have thus failed to meet their burden of showing that a genuine issue of material fact exists for trial. Accordingly, it is hereby

**ORDERED** as follows:

1. Plaintiff Platte River Insurance Company's motion for summary judgment on Counts I, II, III, IV, V, and VI as to Defendants Defendants H. Blaine Martin, Maria Jayne-Martin, and Marcia B. Smith [Record No. 31] is **GRANTED**.

2. Judgment will be entered in favor of the Plaintiff with respect to the enumerated claims.

3. This order shall have no effect on the Plaintiff's remaining claims against these Defendants (Counts VII and VIII) or any of the Plaintiff's claims against Defendant Valley Oil Group, LLC.

This 11th day of January, 2008.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge